FILED

2012 Dec-13  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RUDOLPH BERTRAN SMITH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| **CAPITAL ONE BANK (USA), N.A.,** | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC., TRANS UNION,** | ) | |
| **LLC, and EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC;** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

COMES NOW the Plaintiff, Rudolph Bertran Smith, by and through his

undersigned counsel, and for his complaint states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and

attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. §1681, *et seq.*

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p,

and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b).

## STATEMENT OF THE PARTIES

1.   Plaintiff, Rudolph Bertran Smith, is over the age of nineteen (19) years and is a resident of the city of Pelham in Shelby County, Alabama.

2.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3.   Defendant Capital One Bank (USA), N.A., (hereinafter referred to as "Capital One") is a national bank authorized to do business in this judicial district with its principal place of business located in the state of Virginia.

4.   Capital One is in the business of furnishing consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc., Trans Union, LLC and Equifax Information Services, LLC.

5.   Capital One provides consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc., Trans Union, LLC and Equifax Information Services, LLC.

6.     Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian does and has at all pertinent times done business in this district.

7.     Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

8.     Trans Union, LLC (hereinafter "Trans Union") is a Delaware Corporation that has a principal place of business in Illinois.  Trans Union does and has at all pertinent times done business in this district.

9.     Trans Union is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

10.    Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the state of Georgia.  Equifax does and has at all pertinent times done business in this district.

11.    Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

12.    Upon information and belief, Defendants Experian, Trans Union and

Equifax are regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers, such as

Plaintiff, for the purpose of furnishing consumer reports as defined in

15 U.S.C. §1681a(f) to third parties.

13.   Upon information and belief Experian, Trans Union and Equifax

disburse consumer reports to third parties for monetary compensation.

14.   All events herein occurred in this judicial district.

## STATEMENT OF FACTS

### *Background*

15.   On October 24, 2007, Plaintiff filed for divorce from his then spouse,

Mary Elizabeth Smith.

16.   Upon information and belief, during or about the month of November

2007, Mary Elizabeth Smith, without Plaintiff's consent or

permission, forged his signature on a credit application and opened a

credit card account with Defendant Capital One.

17.   After discovering that the Capital One account had been opened

fraudulently without his consent or permission, Plaintiff reported the

fraud to Defendant Capital One.  On or about January 27, 2008,

Plaintiff completed and returned an "Identity Fraud Information

Form" sent to him by Defendant Capital One.

18.   Said "Identity Fraud Information Form" indicated, among other
      things, that Plaintiff had not applied or requested the account and that
      he did not accept responsibility for paying on the account.  Plaintiff
      also provided the last known whereabouts for Mary Elizabeth Smith,
      whose maiden name was Mary Elizabeth Freeman.  This statement
      was signed and notarized.

19.   On or about February 13, 2008, Defendant Capital One sent
      correspondence to Plaintiff stating that he was responsible for the
      debt.

20.   On May 6, 2008, Plaintiff's divorce was finalized.  The Final
      Judgment of Divorce stated specifically that Mary Elizabeth Smith,
      and not Plaintiff, was solely responsible for the Capital One debt.

21.   At some point in 2008, Capital One placed the disputed debt with the
      law firm of Nathan & Nathan, P.C. for collection.

22.   On or about November 3, 2008, Plaintiff's divorce attorney, Gerard
      Durward, wrote a letter to Nathan & Nathan, P.C. that stated in
      pertinent part that it was ascertained during Plaintiff's divorce that
      Mary Elizabeth Smith forged his name and made all charges on the

Capital One credit card.  The letter further stated that Mary Elizabeth

Smith was directed by the Final Judgment of Divorce to be

responsible for this debt.

23.   On or about December 16, 2009, Plaintiff disputed the debt claimed

by Capital One with Defendants Experian, Trans Union and Equifax.

In his initial dispute, he enclosed copies of the final judgment of

divorce as well as the November 3, 2008 letter from his divorce

attorney to the law firm of Nathan & Nathan, P.C.

24.   Despite Plaintiff's dispute and the evidence provided to Defendants

Experian, Trans Union and Equifax, the Capital One tradeline with

the fraudulent debt remained on Plaintiff's credit reports with these

Defendants.

25.   On or about July 14, 2010, Chase Bank, not a party to this suit, sent a

letter to Plaintiff stating that his credit line was being reduced to

$3,000.00 due to Defendant Experian's reporting the disputed and

fraudulent Capital One debt.

26.   In response to this action, Plaintiff again contacted Capital One to

dispute the alleged debt on or about July 19, 2010.  The Plaintiff

spoke to a Capital One agent or employee named "Laurel" at 1-800-

215-1921.  Laurel told Plaintiff that Capital One would investigate and contact him regarding the results of the investigation within 30 days.

27.     On or about July 28, 2010, Capital One sent a letter to Plaintiff that stated he was responsible for the alleged debt.

28.     On or about August 6, 2010, Plaintiff's divorce attorney, Gerard Durward wrote to Defendant Capital One.  The letter stated that Plaintiff's ex-wife forged his name to the credit application and made all of the charges on the account.  Further the letter stated that the Final Divorce Judgment ordered Plaintiff's ex-wife to be responsible for the Capital One debt that she incurred.

29.     On or about August 10, 2010, Plaintiff wrote to Defendant Experian and again disputed the alleged debt.  Upon information and belief, the disputed debt was verified by Capital One and remained on Plaintiff's credit report.

30.     On or about October 25, 2010, Plaintiff's attorney, John Frawley wrote to John Nathan, one of the attorneys representing Defendant Capital One.  In that letter, Mr. Frawley again reiterated that Plaintiff's name had been forged and he requested the credit

application and copies of the signed credit card receipts. Despite his request, Mr. Frawley did not receive this information.

31.    On December 8, 2010, attorney John Frawley wrote to Donna Nathan, another of the attorneys representing Capital One. In that letter he enclosed correspondence that Plaintiff and attorney Gerard Durward sent to Capital One along with the fraud affidavit completed by Plaintiff.

32.    On March 12, 2012, Plaintiff's counsel sent correspondence via certified mail, return receipt requested, to Defendants Experian, Trans Union and Equifax requesting, pursuant to 15 U.S.C. §1681i, that those entities reinvestigate the Capital One debt being reported by them on Plaintiff's credit reports. Enclosed with the letter was the November 8, 2008 letter from Gerard Durward to Nathan & Nathan, the Final Judgment of Divorce and the notarized and completed "Identity Fraud Information Form" sent to him by Defendant Capital One.

33.    On March 15, 2012, Defendant Experian received Plaintiff's request for reinvestigation.

34.    On March 16, 2012, Defendant Trans Union received Plaintiff's

request for reinvestigation.

35.     On March 17, 2012, Defendant Equifax received Plaintiff's request

for reinvestigation.

### Results of Experian's Reinvestigation

36.     On or about March 23, 2012, Jodi Perry, Senior Regulatory Affairs

Associate for Experian sent correspondence to Plaintiff's counsel that

stated an Initial Security Alert had been added to Plaintiff's credit

report and that Experian was "currently investigating the information

with which [Plaintiff] disagrees."

37.     Five days later, on March 26, 2012, and only 11 days after receiving

the request for reinvestigation, Defendant Experian sent the results of

its reinvestigation.

38.     Experian's reinvestigation did not change or update Plaintiff's credit

report as a result of its reinvestigation.

### Results of Trans Union's Reinvestigation

39.     As of the date of this Complaint, despite receiving Plaintiff's request

for reinvestigation on March 16, 2012, Trans Union has failed to

respond to Plaintiff's request.

### Results of Equifax's Reinvestigation

40.     On or about March 23, 2012, five days after receiving Plaintiff's request for reinvestigation, an employee or agent of Equifax sent Plaintiff's counsel a letter.  That letter stated that "Equifax has investigated the item(s) in question and the credit file(s) has been updated accordingly."

41.     The letter further requested the current address of Plaintiff despite the letter being addressed to Plaintiff's current address.  The letter also requested Plaintiff's name and social security number in order to send an updated credit file despite the fact that the requested information was contained in the reinvestigation letter.

42.     On March 29, 2012 Plaintiff's counsel wrote to Equifax and again provided the requested information.

43.     On April 6, 2012, Equifax sent the "updated" credit file.  The only "update" was that one of Plaintiff's former addresses was removed from the credit file.  The Capital One entry on Plaintiff's credit report remained unchanged.

44.     Upon information and belief, the derogatory and inaccurate information regarding the alleged Capital One account is still being reported by Experian, Trans Union and Equifax on Plaintiff's credit

reports.

45.     This inaccurate information negatively reflects on Plaintiff, his

financial responsibility as a debtor and his credit worthiness.

**CAUSES OF ACTION**

**COUNT ONE**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681**
**et seq. AS TO DEFENDANTS EXPERIAN AND EQUIFAX**

46.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

47.     Defendants Experian and Equifax violated 15 U.S.C. § 1681e(b) by

failing to establish or to follow reasonable procedures to assure

maximum possible accuracy in the preparation of the credit report and

credit files they publish and maintain concerning the Plaintiff.

48.     Experian and Equifax violated 15 U.S.C. §1681i on multiple

occasions by failing to delete inaccurate information in the Plaintiff's

credit file after receiving actual notice of such inaccuracies; by failing

to conduct a reasonable and lawful reinvestigation; by failing to

forward all relevant information to Capital One; by failing to maintain

reasonable procedures with which to filter and verify disputed

information in the Plaintiff's credit file; and by relying upon

verification from a source they have reason to know is unreliable.

49.   As a result of this wrongful conduct, action and inaction of Experian and Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit reductions and denials.

50.   Experian and Equifax's conduct was willful, rendering them liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian and Equifax were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

51.   The Plaintiff is entitled to recover costs and attorney's fees from Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT TRANS UNION

52.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.   Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum

possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

54.   Trans Union violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to Capital One; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

55.   Trans Union violated 15 U.S.C. 1681n by failing to respond to the statutory requirement of reinvestigation within the required time.

56.   As a result of this wrongful conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit reductions and denials.

57.   Trans Union's conduct was willful, rendering it liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Trans Union was negligent,

entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

58.     The Plaintiff is entitled to recover costs and attorney's fees from

Trans Union in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n and/or § 1681o.

**COUNT THREE**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681**
**et seq. AS TO DEFENDANT CAPITAL ONE**

59.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

60.     Capital One violated the Fair Credit Reporting Act, 15 U.S.C. §

1681s-2(b) by continuing to publish to Experian, Trans Union and

Equifax the inaccurate information regarding the alleged account; by

failing to fully and properly investigate the Plaintiff's dispute of the

Capital One representation; by failing to review or consider all

relevant information regarding same; by failing to accurately respond

to Equifax and Experian; by failing to correctly report results of an

accurate investigation to all credit reporting agencies; and by failing

to permanently and lawfully correct its own internal records to

prevent the re-reporting of the Capital One representations to the

consumer reporting agencies.

61.   After receiving notification from Equifax, Experian and possibly
      Trans Union about Plaintiff's disputed account, Capital One did not
      contact any third parties other than the Defendant credit reporting
      agencies when investigating Plaintiff's dispute.  Further, Capital One
      verified the Plaintiff's account to the Defendant credit reporting
      agencies in response to each dispute it received from the Defendant
      credit reporting agencies.

62.   As a result of Capital One's wrongful conduct, action and inaction,
      the Plaintiff suffered damage by loss of credit; loss of the ability to
      purchase and benefit from credit; the mental and emotional pain and
      anguish and the humiliation and embarrassment of credit reductions
      and denials.

63.   Capital One's conduct, action and inaction was willful, rendering it
      liable for actual or statutory damages, and punitive damages in an
      amount to be determined by a struck jury pursuant to 15 U.S.C. §
      1681n.  In the alternative, it was negligent entitling the Plaintiff to
      recover actual damages under 15 U.S.C. §1681o.

64.   The Plaintiff is entitled to recover costs and attorney's fees from
      Capital One in an amount to be determined by the Court pursuant to

15 U.S.C. §1681n and §1681o

## COUNT FOUR
## DEFAMATION

65.   Plaintiff incorporates by reference all of the above paragraphs of this
      Complaint as though fully stated herein.

66.   Capital One intentionally and falsely represented that Plaintiff was
      indebted to it under the account illegally taken out by Plaintiff's ex-
      spouse through Experian, Trans Union and Equifax to all of
      Plaintiff's potential and current lenders on multiple occasions.

67.   Said false representations made by Capital One were injurious to
      Plaintiff's reputation and creditworthiness in the community.

68.   Said false representations made by Capital One were not privileged
      and were not consented to by Plaintiff.

69.   Capital One's defamation of Plaintiff was willful and with malice.
      Capital One did not have any reasonable basis to believe that the
      Plaintiff was responsible for the account reported to Experian, Trans
      Union and Equifax.  It also had substantial evidence by which to have
      verified that the Plaintiff was not the person who had applied and
      contracted for the credit.

70.     Capital One willfully determined to follow procedures which did not
         review, confirm or verify the identity of persons to whom it lent
         money.

71.     Further, even if Capital One were to attempt to plead ignorance, after
         January 2010, it had all of the evidence and information with which
         to confirm and recognize the Plaintiff had not signed its credit
         application and was not obligated upon the Capital One Account.

72.     Despite possession of this evidence along with all of the
         correspondence from Plaintiff and his counsel and Plaintiff's
         notarized fraud affidavit, Capital One intentionally and willfully
         reported that Plaintiff was indebted to it when it knew or should have
         known that Plaintiff was not liable for the account claimed.

73.     As a direct result of this wrongful conduct, action and inaction of
         Trans Union, the Plaintiff suffered damage by loss of credit, loss of
         the ability to purchase and benefit from credit, the mental and
         emotional pain and anguish and the humiliation and embarrassment
         of credit reductions and denials.

73.     Wherefore, Plaintiff seeks judgment in his favor against Capital One
         for compensatory and punitive damages in such sums as the jury may

assess, plus interest and costs along with such other and further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary.

**<u>PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY</u>**


/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com


**PLAINTIFF'S ADDRESS:**
Mr. Rudolph Bertran Smith
895 Jager Pkwy.
Pelham, AL 35124

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**CAPITAL ONE BANK (USA), N.A.**
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**TRANS UNION, L.L.C.**
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, AL 36104